IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ANTHEA KING ON BEHALF
OF THE ESTATE OF SIDNEY KING, SR.,

    Plaintiff

v.

THE HOME DEPOT, INC.

    Defendant.

## DEFENDANT THE HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Home Depot U.S.A., Inc. (erroneously named as "The Home Depot, Inc.") ("Home Depot"), hereby gives notice of removal of this lawsuit, captioned *Anthea King on behalf of The Estate of Sidney King, Sr. v. The Home Depot U.S.A., Inc*, bearing case number 2022CV30969, from the District Court for the City and County of Denver, Colorado to the United States District Court for the District of Colorado. Pursuant to 28 U.S.C. § 1446(a), Home Depot provides the following statement of grounds for removal.

### Introduction

1.     Plaintiff Anthea King ("Plaintiff") sued Home Depot for the death of her husband, Sidney King ("Decedent"), on May 6, 2020, allegedly caused by using a gas concrete saw he rented from the Home Depot store located at 3870 Quebec Street in Denver, Colorado.

2. As discussed in more detail below, Home Depot removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.

3. Decedent was a citizen of Colorado, and therefore Plaintiff is deemed a Colorado citizen for purposes of diversity jurisdiction. Furthermore, for purposes of diversity jurisdiction, Home Depot is deemed to be a citizen of Georgia (Home Depot's principal place of business) and Delaware (Home Depot's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks the "maximum Statutory Limits for wrongful death," as well as damages for Plaintiff's alleged grief, loss of companionship, emotional distress and pecuniary loss.

## Background and Procedural History

4. Plaintiff commenced this lawsuit in the District Court for the County of Denver, Colorado by filing a complaint, captioned *Anthea King on behalf of The Estate of Sidney King, Sr. v. Home Depot, Inc.*, Case Number 2022CV30969, on or about April 7, 2022 (the "State Court Action").

5. Plaintiff filed an Amended Complaint on April 28, 2022

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Amended Complaint served on Home Depot in the State Court Action are attached as **Exhibits 1 – 4.**

7. Additionally, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action, and a copy of the Register of Actions for the State Court Action are attached as **Exhibits 5 - 9.**

8.  Plaintiff seeks damages for the death of Decedent, who allegedly died from "hypertensive and atherosclerotic cardiovascular disease complicated by the toxic effects of carbon monoxide," which allegedly was caused by his use of the gas concrete saw that Decedent rented from Home Depot on May 6, 2020 in Denver, Colorado. *See, e.g.*, Amended Complaint ¶¶ 8-21, 33.

## Basis For Removal – Diversity Jurisdiction

9.  Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states.

10. According to the Amended Complaint, Decedent was, at all times relevant to this proceeding, a citizen of the State of Colorado. Amended Complaint ¶ 1. Decedent's representative is considered by be a citizen of the state in which he resided. *See Estate of Calderon ex rel. Calderon v. Denver Health & Hosp. Authority,* 2009 WL 2340415, at *2 (D. Colo. July 29, 2009); 28 U.S.C. § 1332(c)(2) (2006) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent....").

11. Home Depot is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in Georgia. For purposes of federal diversity jurisdiction, Home Depot is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

12. Because Decedent (and therefore Plaintiff) is a citizen of Colorado and Home Depot is a citizen of Delaware and Georgia, complete diversity of citizenship exists.

13. The amount-in-controversy requirement is also satisfied in this case. The Amended Complaint seeks damages for wrongful death and the following damages related to Plaintiff's alleged losses:

> As a result of his death, the Estate of the Decedent has suffered damages including medical and funeral expenses due to his injury and death that have become a charge against the Decedent's Estate or were paid on behalf of the Decedent, and loss of the prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value; six surviving adult children's loss of their parental companionship, instruction, and guidance of the Decedent and has sustained damages for mental pain and suffering as a result of the loss of the Decedent; finally, the Plaintiff, the Personal Representative of the Estate, and Decedents spouse has lost the prospective net accumulations, which might reasonably have been expected but for the wrongful death; loss of companionship, love, affection, comfort, sexual relations, and consortium, that were provided before the tragic incident and the Plaintiff and survivors are entitled to all other damages as allowed by 13-21-203.

Amended Complaint ¶¶ 35-39, 54.

14. Specifically, Plaintiff seeks the "<u>maximum</u> Statutory Limits for wrongful death." *Id.* at p. 8-9 (emphasis added).

15. The current Colorado limit on damages for wrongful death claims is $571,870, far above the $75,000 threshold necessary for removal. C.R.S. § 12-21-203(1).

16. Furthermore, Plaintiff alleges that Home Depot's conduct was "aggravated," and Plaintiff should be excepted from the damages limits as provided in C.R.S. § 13-21-203(1); Amended Complaint ¶ 39.

17. Therefore, based on Plaintiff's request for the "maximum Statutory Limits for wrongful death," it is plausible that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)

("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding that the amount-in-controversy requirement can be satisfied by an estimate of the potential damages based upon "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000").

18. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and Home Depot and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**Procedural Requirements**

19. The District Court for the County Denver, Colorado is located within the District of Colorado. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

20. Home Depot received notice of process of the original Complaint in the State Court Action on April 11, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of April 11, 2022.

21. There are no other defendants in this case and thus consent of other parties is not required. § 1446(b)(2)(A).

22. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court for the County of Denver, Colorado and will be promptly served on Plaintiff.

23. Home Depot does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

24. If any question arises as to the propriety of this removal, Home Depot requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Home Depot removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws.

DATED April 29, 2022.

EVANS FEARS & SCHUTTERT LLP

*/s/ Lee Mickus*
Lee Mickus, #23310
Alexandria Layton, #56842
3200 Cherry Creek Drive South
Suite 380
Denver, CO 80209
Telephone: (303) 656-2199
lmickus@efstriallaw.com
alayton@efstriallaw.com

*Attorneys for Defendant*
*Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that on April 29, 2022, I electronically filed the foregoing **DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Loretta D. Collins
COLLINS LAW OFFICE, P.C.
1633 Fillmore Street, Suite 414
Denver Colorado, 80206
Telephone: (303)-997-4700
Fax (303) 997-4696
Email: lcollinsesq@aol.com

*Attorneys for Plaintiff*

                                                */s/ Kim Smith*
                                                For Evans Fears & Schuttert LLP