| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>1437 Bannock Street<br>Room 256 (Clerk's Office)<br>Denver, CO 80202 | DATE FILED: April 7, 2022 4:44 PM<br>FILING ID: C24A767E443E8<br>CASE NUMBER: 2022CV30969 |
| **PLAINTIFF: ANTHEA KING** o/b/o The Estate of Sidney King, Sr., Decedent,<br>Plaintiff,<br><br>v.<br><br>**DEFENDANT**: **HOME DEPOT, INC.**, (a Delaware Corporation), et al,<br>**Defendants.** | ▲ COURT USE ONLY ▲ |
| **Attorney for Plaintiff:**<br>Loretta D. Collins, Atty # 39954<br>COLLINS LAW OFFICE, P.C.<br>1633 Fillmore Street, Suite 414<br>Denver Colorado, 80206<br>Telephone: (303)-997-4700<br>Fax (303) 997-4696<br>Email:  lcollinsesq@aol.com | Case No.:<br><br>Div.: |
| **COMPLAINT** ||

**COMES NOW** Plaintiff, Anthea King, by and through legal counsel Loretta D. Collins, of Collins Law Office P.C., 1633 Fillmore Street, Suite 414, Denver, Colorado, 80206, and hereby states as her Complaint against the Defendant the following:

## JURISDICTION AND VENUE

1. At all times relevant to this action, decedent Sidney King, Sr. ("decedent") was a resident of Colorado.

EXHIBIT 1

2. Upon information and belief, at all times relevant to this action, Defendant, Home Depot ("Defendant"), was and is a Colorado Corporation located at 3870 Quebec Street, in Denver, Colorado.

3. Defendants Registered Agent is Corporation Services Company at 1900 West Littleton Boulevard in Littleton, Colorado, 80120.

4. Venue is proper in Denver County, State of Colorado, Pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

5. Plaintiff is the surviving spouse of Sidney King, Sr. deceased ("decedent").

6. Plaintiff's marriage to the decedent first took place on July 6, 1977, in Colorado Springs, Colorado, Plaintiff and Decedent's divorce was finalized on December 10, 2001, in Denver Colorado, and Plaintiff and Defendant were remarried on August 2, 2005, in Denver, Colorado.

7. There are 6 children of Plaintiff and decedents marriage.

8. On May 6, 2020, the decedent rented a Hilti PRO Gas Concrete Saw 14" ("saw") from Home Depot; located at 3870 Quebec Street, in Denver, Colorado.

9. The saw was rented from defendant at 9:53 a.m.

10. Decedent rented the saw for use in his business Sid King Maintenance, Inc. ("SKM").

11. On May 6, 2020, the decedent and his son Sedrick King ("Sedrick") worked at 2208 North Marion Street, in Denver, Colorado, completing a project for a client.

12. Decedent worked at a client house for approximately two hours in a well-ventilated space.

13. The decedent operated the saw as a reasonably prudent person by working in a well-ventilated area and took breaks every 40 minutes to refill the five-gallon water tank used to minimize the emission of concrete dust. The decedent wore a ventilation face mask while operating the saw.

**EXHIBIT 1**

14. Decedent operated the saw for a total of two hours before allowing the Sedrick to complete the remaining work.

15. Decedent became drowsy and lethargic and drink a 24-ounce bottle of water.

16. One minute later, Sedrick watched the decedent projectile vomit, but was told by the decedent that he drank the water too fast.

17. Sedrick went to pack up the saw and put away materials on his truck.

18. Sedrick heard the piercing scream of the homeowner and rushed over to discover the decedent clutching his arms and chest.

19. Emergency services were called, and the ambulance arrived within five minutes.

20. Decedent died during the ambulance transport to the hospital.

21. Sidney King, Sr., died from "hypertensive and atherosclerotic cardiovascular disease complicated by the toxic effects of carbon monoxide."

22. The saw was returned to defendant by Sedrick on May 6, 2020, at 3:49 p.m. The saw was rented out a total of five hours and fifty-five minutes.

23. Defendant's Manager #idk2926 checked the saw back in. Sedrick verbally told the Manager "Please don't get rid of this equipment, someone died using the equipment and it needs to be investigated" (or words to that effect).

24. On May 29, 2020, Sedgwick Insurance Company ("Sedgwick") adjuster, Tozeka McKinstry, called the SKM Company number and left a thirty-five second voicemail requesting to speak to someone regarding the rented saw.

25. Sedrick returned the adjusters phone call, the adjuster asked Sedrick to explain what happened.

**EXHIBIT 1**

26. On August 7, 2020, Defendant was notified by Attorney Glenn Younger of the saws required preservation as possible evidence in the death of decedent. Sedgwick added the information in the file created for the incident.

27. On September 23, 2020, Wesley Stalling, a supervisor of Sedgwick, verbally conveyed to plaintiff's Attorney that their company received notice and noted in the file that Attorney Glenn Younger requested on August 7, 2020, that defendants preserve the saw for litigation.

28. On September 23, 2020, Jeffery Pickard, an adjuster for Sedgwick, verbally conveyed to Plaintiff's Attorney that In September of 2020, Home Depot sold the saw to a private individual, that all attempts to contact the individual have been unanswered.

29. The Defendant sold the saw after the event, but long before the Statute of Limitation expired.

30. On April 19, 2021, Home Depot was sent a spoliation letter, requesting the preservation of all evidence surrounding the death of the decedent and the use of the saw.

31. Defendant statedat that time that the Defendant has stole the saw.

32. The Defendant sold the box and all its contents, with actual knowledge that there was a death that occurred with the use of the saw.

33. As a direct and proximate result of the saw, the decedent suffered severe and fatal injuries.

34. Decedent was in no way at fault for his injuries – as a maintenance worker with years of experience, the decedent was qualified to operate the saw in the nature and fashion that he did.

## FIRST CLAIM OF RELIEF

### Wrongful Death

35. At all times relevant to this action, Defendant negligently and carelessly maintained the saw so as to cause it to malfunction and emit fumes that were inhaled by the decedent.

**EXHIBIT 1**

36. Defendant negligence consisted of failing to maintain the saw and the excessive fumes, resulted in a horrifying death by decedent.

37. As a result of the negligence of Defendant, decedent was fatally injured.

38. As a further result of Defendant's negligence, Plaintiff, as surviving spouse, has suffered grief; loss of companionship of decedent; emotional distress; and pecuniary loss.

39. As contemplated by *Section 13-21-203(1), C.R.S*., the amount of damages owed by Defendant is affected because the circumstances attending Defendant's wrongful act or neglect were aggravated.

## SECOND CLAIM OF RELIEF

### Negligence – Negligent Maintenance

40. At all times relevant to this action, Defendant has a duty to individuals, including decedent, to maintain the above mentioned saw to ensure it was safe for its intended purposes, as well as for all foreseeable and routine troubleshooting its foreseeable users would be performing on the saw.

41. The Hilti PRO Gas Concrete Saw 14" likely the one that was used by the decedent are intended to cut through concrete. Trained professionals and other tradesmen such as the decedent rent equipment like the saw from retailers for temporary use in construction work. This practice is usual and customary in the tradesmen industry.

42. Defendants' conscious decision to rent a piece of equipment that malfunctioned amd emitted fumes directly in the face of the users gave the defendant a more heightened duty of case to individuals, including the decedent, to ensure that such a common tool was properly maintained.

EXHIBIT 1

43. The defendants knew full well that equipment that is rented out need regular maintenance because of their constant exposure to construction elements and frequent use and abuse by workers and tradesmen in construction.

44. Defendant negligently, carelessly, and recklessly breached the above duties of care when they wholly failed to perform reasonable maintenance of the saw prior to the decedents use of the saw.

45. Had Defendant maintained the saw, defendant would have been put on notice that the box was in a dangerous condition due to the machine malfunctioning and fumes emitting directly in the face of the user.

46. As a result of the above listed breaches of duty, the decedent suffered an excruciating death from the use of the saw.

47. As a result of the defendant's breaches of the aforementioned duties, the decedent sustained economic damages, non-economic damages, and a fatal injury (death).

48. It was reasonably foreseeable that the decedent, an experienced tradesmen with the requisite qualifications to operate the saw, would have used the saw in the manner it was intended and under the appropriate conditions.

49. Likewise, it was reasonably foreseeable that an improperly maintained saw would malfunction and cause injury or death to the decedent, in the manner that it did.

50. Lastly, it would be reasonably foreseeable that decedent would suffer injuries, including, toxic effects from carbon monoxide, death, and damages as a result the negligently maintained saw.

EXHIBIT 1

## ALTERNATIVE THIRD CLAIM FOR RELIEF

### Spoliation of Evidence

51. At all times relevant to this case, the box itself is the most (if not only) relevant piece of evidence. Plaintiff alleges that Defendant failed to properly maintain the saw, and defendant is denying the same.

52. Without the saw to inspect, Plaintiff cannot have an expert examine it and investigate 1) the adequacy and safety of the assembly of the saw and its components; 2) the age and maintenance of the saw by the defendant; 3) and why the fumes of the saw were emitted in the manner that caused contact to the plaintiff.

53. Defendant had ample time and opportunity to evaluate the saw. The decedent's son, Sedrick, returned the saw on May 6, 2020, the date of the accident and informed Home Depot Manager #idk2926 that a death occurred from the use of the saw. The saw was sold in September of 2020.

54. Defendant did not take any pictures of the saw and Defendant was the only entity to that had an opportunity to inspect the saw.

55. Defendants did create a file for the incident and Defendants insurance adjuster Tozeka McKinstry called the decedents business number and left a message on May 29, 2020, to speak about the equipment and incident.

56. Defendants' failure to preserve the saw and lack of satisfactory substitute evidence to resolve the main issue of the case is a material impact to the outcome of the case.

57. If the saw had not been sold, Plaintiff would have had the opportunity to introduce the saw into evidence to allow the parties experts and jury to observe the saw's condition firsthand.

**EXHIBIT 1**

58. It is reasonably foreseeable that a piece of equipment being used by the decedent prior to their death is the most relevant piece of evidence that may be introduced into evidence.

59. Defendant knew with certainty of decedents catastrophic death before the date of disposal.

60. The decedent's son, Sedrick, returned the saw on May 6. 2020, the date of the accident and informed Home Depot Manager #idk2926 that a death occurred from the use of the saw. The saw was sold in September of 2020.

61. On May 29, 2020, a Defendant's insurance adjuster Tozeka McKinstry called the decedents company number and left a voice message that requested to speak to someone regarding the rented saw.

62. Sedrick returned the adjusters phone call, the adjuster asked Sedrick to explain what happened.

63. On August 7, 2020, Defendant was notified by Attorney Glenn Younger of the saws required preservation as possible evidence in the death of decedent. Sedgwick Insurance Company added the information in the file created for the incident.

64. In September of 2020, Defendant sold the saw to a private individual.

65. Less than four months after the decedent died, the saw was sold by the Defendants to an unknown individual.

66. Defendant knew the decedent died before disposing of the saw, yet defendant failed to take any precautionary steps to preserve the evidence of the saw.

67. Defendant knew that this was not a minor injury; rather, defendant knew this was a catastrophic death that occurred after using the saw and placed the saw back in service.

68. Defendant acted with flagrant disregard for the preservation of the saw as evidence.

69. Defendant did not contact Plaintiff for permission or advice to dispose of the saw.

**EXHIBIT 1**

70. It is foreseeable for the knowledge of the decedents death to trigger a duty to preserve the saw associated with the incident.

71. It is foreseeable that by disposing the saw after multiple requests to preserve the evidence either directly or from the insurance company, the defendant engaged in bad faith conduct with disregard to discovery obligations.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues triable.

**WHEREFORE,** Plaintiff, Anthea King, on behalf of Sidney King, Sr., decedent, prays for judgment against Defendant, Home Depot, Inc., of maximum Statutory Limits for wrongful death and punitive damage for the destruction of the 14" Concrete Saw and for future relief as the court may deem just and proper, in an amount to be determined at trial, for pre- and post- judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem just and proper.

Dated this 8th day of April, 2022.

Anthea King, Plaintiff

*/s/ Loretta D. Collins*
Loretta D. Collins - #39954
COLLINS LAW OFFICE, P.C.
1633 Fillmore Street, Suite 414
Denver Colorado, 80206
303-997-4700
lcollinsesq@aol.com
ATTY FOR PLAINTIFF

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **COMPLAINT** was personally served via a Process Server to the following:

Corporation Services Company d/b/a
Home Depot, Inc., Registered Agent
1900 West Littleton Boulevard
Littleton, Colorado 80120
Phone Number: (303) 860-7052

/s/          *Loretta D. Collins*_____
Loretta D. Collins, Plaintiff's Attorney

**EXHIBIT 1**