IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-1050-PAB

ANTHEA KING, on behalf of The Estate of Sidney King, Sr., Decedent,

    Plaintiff,

v.

THE HOME DEPOT, INC, a Delaware Corporation,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on Defendant The Home Depot U.S.A., Inc.'s Notice of Removal [Docket No. 1]. Defendant asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Defendant asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 3.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  However, the Tenth Circuit has also ruled, where a statute authorizes an individual to bring a wrongful death claim based on her relationship to decedent as opposed to being the representative of decedent's estate, that § 1332(c)(2) does not apply and the individual plaintiff's citizenship should be considered.  *See Tank v. Chronister*, 160 F.3d 597, 601 (10th Cir. 1998) (analyzing citizenship in wrongful death actions under Kansas law).

Additionally, the Tenth Circuit has ruled, "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular

state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. The allegations regarding the citizenship of plaintiff are not well-pled.

The Notice of Removal asserts that plaintiff is "deemed a Colorado citizen for purposes of diversity jurisdiction" because "[d]ecedent was a citizen of Colorado" and, in support, cites the plaintiff's amended complaint. Docket No. 1 at 2, 3, ¶¶ 3, 10. Paragraph one of the amended complaint states that decedent resided in Colorado at all relevant times. Docket No. 5 at 1, ¶ 1. Plaintiff's amended complaint states that she brings her claims on behalf of decedent, *see id.* at 1, 7; however, plaintiff states in the claim for wrongful death that she has personally suffered damages as a surviving spouse. *Id.* at 5, ¶ 38. Colorado law authorizes an action for wrongful death by "the spouse of the deceased." Colo. Rev. Stat. § 13-21-201(1)(b)(I)(A). Defendant does not state whether an action for wrongful death under Colo. Rev. Stat. § 13-21-201(1)(b)(I)(A) would fall under 28 U.S.C. § 1332(c)(2) or if the removal analysis would rely upon the citizenship of plaintiff. Thus, the Court finds that defendant has not sufficiently established whether the Court should consider decedent's citizenship or plaintiff's citizenship for her wrongful death claim.

The mere fact that decedent resided in Colorado is insufficient to establish his citizenship as it does not necessarily demonstrate his intent to remain in Colorado. Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may

not be equated with 'citizenship' for the purposes of establishing diversity."). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Because the allegations regarding the citizenship of decedent and plaintiff are not well-pled, the Court is unable to determine plaintiff's citizenship and whether the Court has jurisdiction.[1] *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show

---

[1] Additionally, defendant makes allegations regarding the citizenship of Home Depot U.S.A., Inc. in its Notice of Removal as the defendant in this case while the complaint identifies the defendant as The Home Depot, Inc. *See* Docket No. 1 at 1, 2, ¶¶ 1, 3. It is well settled that the plaintiff is the master of her complaint. *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The Court can only assess the jurisdiction of this matter as to the parties named in the complaint.

jurisdiction." (quotations omitted)).  It is therefore

**ORDERED** that, on or before **June 17, 2022**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED June 3, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge