IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-01050-PAB-MEH

ANTHEA KING, on behalf of The Estate of Sidney King, Sr.,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant the Home Depot U.S.A., Inc's Motion to Dismiss Plaintiff's Claims [Docket No. 10] and Defendant Home Depot U.S.A., Inc.'s Renewed Motion to Dismiss Plaintiff's Claims[1] [Docket No. 20], wherein defendant moves to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response, Docket No. 13, Docket No. 14, and defendant filed a reply. Docket No. 16. The Court has jurisdiction under 28 U.S.C. § 1332.

---

[1] Defendant filed a motion to dismiss on May 16, 2022. Docket No. 10. On August 25, 2022, the Court ordered plaintiff to file an amended complaint because she admitted that "she incorrectly named Home Depot Inc. as the defendant in this case" instead of Home Depot U.S.A., Inc. Docket No. 18. On August 29, 2022, plaintiff filed a second amended complaint that corrected the caption in this case. Docket No. 19. On August 30, 2022, defendant renewed its motion to dismiss and incorporated the motion to dismiss it filed on May 16, 2022. Docket No. 20 at 1-2. The Court will accept defendant's motion to dismiss from May 16, 2022 as being directed towards plaintiff's amended complaint filed on August 29, 2022.

## I. BACKGROUND[2]

Plaintiff Anthea King is the surviving spouse of decedent, Sidney King, Sr. Docket No. 19 at 2, ¶ 5. On May 6, 2020 at 9:53 a.m., decedent rented a Hilti PRO Gas Concrete Saw 14" (the "Saw") from defendant Home Depot U.S.A., Inc. ("Home Depot") for use in his business. *Id.*, ¶¶ 8-10. On May 6, 2020, decedent and his son worked on a project for a client in Denver, Colorado using the saw. *Id.*, ¶ 11. Decedent used the Saw for two hours in a well-ventilated space. *Id.*, ¶¶ 12-13. The Saw malfunctioned and emitted fumes that were inhaled by decedent. *Id.* at 4, ¶ 35. Decedent became drowsy, lethargic, and vomited. *Id.* at 2, ¶¶ 15, 16. Emergency services were called and an ambulance arrived at the site of the project. *Id.* at 3, ¶ 19. Decedent died in the ambulance on the way to a hospital. *Id.*, ¶ 20. Decedent died from hypertensive and atherosclerotic cardiovascular disease complicated by the toxic effects of carbon monoxide. *Id.*, ¶ 21. Decedent's son returned the Saw to Home Depot at 3:49 p.m. on May 6, 2020. *Id.*, ¶ 22.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken*

---

[2] The facts below are taken from Plaintiff's Second Amended Complaint, Docket No. 19, and are presumed to be true for purposes of ruling on defendant's motions to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

*Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III.  ANALYSIS

Plaintiff, on behalf of decedent's estate, brings claims against Home Depot for wrongful death and negligent maintenance.  Docket No. 19 at 4-7, ¶¶ 35-54.  Home

Depot moves to dismiss both of plaintiff's claims based on an exculpatory provision in the rental contract for the Saw.  Docket No. 10 at 6.  Plaintiff opposes Home Depot's Motion.  Docket No. 13 at 1.

Home Depot bases its motion to dismiss on several documents not referenced in the complaint.  *See* Docket No. 10 at 4-5.  Generally, a court should not consider any evidence beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).  If the court considers matters outside the complaint, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Waller*, 932 F.3d at 1282; *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (recognizing that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").  A court has "broad discretion in determining whether or not to accept materials beyond the pleadings."  *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998).

Home Depot requests that the Court take notice of Home Depot Contract #332728 (the "Contract"), which Home Depot alleges is the rental contract between Home Depot and decedent for the Saw.  Docket No. 10 at 4.  Home Depot states that

4

plaintiff's complaint "directly implicate[s]" the Contract.[3]  *Id.*  Home Depot admits that this Contract is not "attached or quoted in Plaintiff's Amended Complaint," but argues that the Court should "deem" the Contract as having been mentioned in the complaint based on the complaint's "conspicuous avoidance of any discussion of [the Contract's] contents"[4] and because the Contract is central to plaintiff's claims.  *Id.* at 4-5.  The Tenth Circuit has stated that, even where a document is central to plaintiff's claim, "the clear language of our precedents" state that "this exception applies only to 'documents referred to in the complaint.'"  *Waller*, 932 F.3d at 123 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).  The Court is not aware of any Tenth Circuit authority under which a court can "deem" a document as having been mentioned

---

[3] Home Depot argues in its reply that plaintiff had the last page of the Contract in the form of a receipt decedent's son received and that the complaint references the receipt.  Docket No. 16 at 2.  The second amended complaint references an employee identification number that was on the receipt that decedent's son received.  Docket No. 19 at 3, ¶ 23.  Home Depot does not argue that the receipt contained the entire agreement.  Docket No. 16 at 2.  Plaintiff's second amended complaint does not mention the receipt; it only mentions information on the receipt in the form of an identification number.  *See* Docket No. 19 at 3, ¶ 23.  Home Depot does not show that the second amended complaint references the Contract.

[4] Defendant attempts to analogize to a case where the court found that a plaintiff's "conspicuous lack of reference" to a waiver that she signed in her complaint "seems to be little more than a deliberate tactic to avoid dismissal of Plaintiff's negligence claim."  *Cowles v. Bonsai Design LLC*, No. 19-cv-1946-WJM-MEH, 2020 WL 3036067, at *6 (D. Colo. June 5, 2020). That case is distinguishable because plaintiff herself signed the waiver, had a copy of it before filing her complaint, and was aware of its contents.  *See id.*  Here, plaintiff filed this case on April 7, 2022, Docket No. 1-1 at 1, and states she did not receive a copy of the Contract until May 4, 2022.  Docket No. 13 at 1, ¶ 2.  Plaintiff could not have been artfully pleading around the contents of the Contract when she did not have the Contract.  Home Depot argues in its reply that plaintiff had the last page of the Contract in the form of a receipt and that the complaint references the receipt or last page of the Contract.  Docket No. 16 at 2.  The amended complaint references a receipt decedent's son received which was one page of the Contract.  Docket No. 19 at 3, ¶ 23.  This does not show that plaintiff had any knowledge of the contents of the Contract beyond the receipt.

5

in a complaint. Given that the Contract is not referred to in plaintiff's complaint, *see* Docket No. 19, the Court will not consider the Contract in deciding defendant's motion to dismiss.

Defendant argues that plaintiff's claims fail because they "are barred by the contract's unambiguous exculpatory provisions." Docket No. 10 at 6. Home Depot does not argue that plaintiff's claims should be dismissed for any other reason. *See id.* at 6-14. Because the Court has declined to consider the Contract, Home Depot's argument necessarily fails, and the Court will deny its motion.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendant The Home Depot U.S.A., Inc's Motion to Dismiss Plaintiff's Claims [Docket No. 10] and Defendant Home Depot U.S.A., Inc.'s Renewed Motion to Dismiss Plaintiff's Claims [Docket No. 20] are **DENIED**.

DATED March 20, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge